THE GIBBENS CO., INC., HUGHES TOOL CO., HOTEL
PROPERTIES, INC., DBA LANDMARK HOTEL,
HAROLDS CLUB, INC., ALL BEING NEVADA CORPORA-
TIONS AND SILVER SLIPPER, A NEVADA PROPRIETOR-
SHIP, APPELLANTS, *v.* ROBERT ARCHIE, EXECUTIVE
DIRECTOR, NEVADA EMPLOYMENT SECURITY DEPART-
MENT, RESPONDENT.

FLAMINGO RESORTS, INC., DBA FLAMINGO HOTEL
AND CASINO, AND LAS VEGAS INTERNATIONAL
HOTEL, INC., DBA LAS VEGAS HILTON, AMICI
CURIAE.

No. 7854

April 26, 1976                              548 P.2d 1366

[Rehearing denied June 17, 1976]

*Stan L. Lyon,* Reno, for Appellants.

*John A. Flangas,* Reno, for Respondent.

*Lionel, Sawyer & Collins,* Las Vegas, for Amici Curiae.

## OPINION

*Per Curiam:*

In January, 1972, respondent adopted Regulation ESD–17 (Rev.) which established appellants' 1972 contribution rate to the unemployment compensation fund pursuant to NRS Ch. 612. In the district court, appellants argued respondent's failure to comply with the Nevada Administrative Procedure Act, NRS Ch. 233B, rendered the regulation invalid. The district court ruled it was unnecessary to comply with the Act. Appellants contend this was error, and we agree.

By enacting the Nevada Administrative Procedure Act, it is clear our legislature intended to establish minimum procedural requirements governing the regulation-making process of state agencies. NRS 233B.020. Those procedural requirements mandate that, prior to the adoption, amendment, or repeal of any regulation, an agency first must give at least thirty days' notice of its intended action and the time, place, and manner in which interested persons may present their views. NRS 233B.060(1) and (2). Further, the agency must afford interested persons an opportunity to submit, orally or in writing, data, views, or arguments. NRS 233B.060(3). Where required, such minimum procedural requirements may not be ignored. Cf. Checker, Inc. v. Public Serv. Comm'n, 84 Nev. 623, 446 P.2d 981 (1968).

Respondent does not dispute his noncompliance with these procedural requirements, but, instead, contends compliance was unnecessary pursuant to NRS 233B.160 which provides in part: "Insofar as any provision of this chapter conflicts with

any provision of chapter 612 . . . of NRS, chapter 612 . . . of NRS shall govern." Respondent argues a conflict exists between the two chapters because the time sequence required for adoption of regulations in accordance with NRS Ch. 233B cannot be satisfied when adopting regulations pursuant to NRS Ch. 612. It cannot be satisfied, respondent asserts, because he cannot commence regulation-making procedures until after November 30, the date the unemployment compensation fund must be tested for solvency pursuant to NRS 612.550(7), and the regulation must be in effect by January 1. However, we find nothing in NRS Ch. 612 that so restricts respondent. On the contrary, it appears respondent could commence regulation-making procedures at any time after June 30, thereby giving ample time to satisfy the minimum dictates of NRS Ch. 233B. See NRS 612.550(2).

Respondent's failure to comply with the Nevada Administrative Procedure Act renders the regulation invalid as to those employers who timely asserted their objection.[1]
Reversed.

---

[1]NRS 233B.060(5) provides:
"5. No regulation adopted after July 1, 1965, is valid unless adopted in substantial compliance with this section, but no objection to any regulation on the ground of noncompliance with the procedural requirements of this section may be made more than 2 years after its effective date. . . ."