THE EMPLOYMENT SECURITY DEPARTMENT OF THE STATE OF NEVADA, L. O. McCRACKEN, EXECUTIVE DIRECTOR, AND THE STATE OF NEVADA, APPELLANTS, v. SAHARA NEVADA CORPORATION, DEWCO SERVICES, INC., SAHARA-TAHOE CORPORATION, AND CONSOLIDATED CASINOS, INC., RESPONDENTS.

No. 10391

LAWRENCE O. McCRACKEN, EXECUTIVE DIRECTOR, NEVADA EMPLOYMENT SECURITY DEPARTMENT, AND THE STATE OF NEVADA, APPELLANTS, v. WHITTLESEA BLUE CAB CO., RESPONDENT.

No. 10290

June 28, 1979                                    596 P.2d 504

*John A. Flangas,* Reno, for Appellants.

*Lionel Sawyer & Collins,* and *Steve Morris,* Las Vegas, for Respondents Sahara Nevada Corporation, Dewco Services, Inc., Sahara-Tahoe Corporation, and Consolidated Casinos, Inc.

*Stan Lyon,* Reno, for Respondent Whittlesea Blue Cab Co.

## OPINION

*Per Curiam:*

Respondents commenced these consolidated actions on March 1, 1977 to recover excess unemployment compensation taxes assessed against them pursuant to Employment Security Regulation ESD-17 (Revised), which we declared invalid in Gibbens Co. v. Archie, 92 Nev. 234, 548 P.2d 1366 (1976). Although respondents were not parties to the prior action, the district court found their objections timely and entered judgment in their favor, against the Department. Before us, appellants contend that respondents' failure to commence a district court action for judicial review within the prescription of NRS 233B.060(6)[1] precludes respondents' recovery. We disagree.

1. In Gibbens Co. v. Archie, *supra,* we held the Department's admitted failure to comply with the Administrative Procedures Act in promulgating ESD-17 "renders the regulation invalid as to those employers who timely asserted their

---

[1] NRS 233B.060(6) provides:

No regulation . . . is valid unless adopted in substantial compliance with this chapter but *no objection* to any regulation on the ground of noncompliance with the procedural requirements of this section may be made more than 2 years after its effective date. . . . (Emphasis added.)

objection." *Id.*, at 236, 548 P.2d at 1367. Respondents satisfied the requirement of timely asserting their objections when they petitioned the Executive Director for a hearing and review of ESD-17. NRS 233B.060(6). When the hearing was denied, respondents paid the assessments *under* written *protest.*

Nothing in the Administrative Procedures Act requires that an objection take the form of a civil action. Compare, for example, Paul v. City of Manhattan, 511 P.2d 244 (Kan. 1973); State, Department of Motor Vehicles v. Gober, 513 P.2d 391 (N.M. 1973). Had the legislature intended the imposition of a requirement that a civil action be brought within two years of the promulgation of the regulation in order to challenge its validity, it would have been a simple matter to use the term "action" in the statute rather than "objection."

2. As respondents were employers who timely asserted their objections, the trial court properly held them entitled to a refund of the excess taxes collected. Peterson v. City of Reno, 84 Nev. 60, 436 P.2d 417 (1968); Lanigir v. Arden, 82 Nev. 28, 409 P.2d 891 (1966). Appellants do not attempt to reargue the validity of the regulation. Indeed, they concede its invalidity. Gibbens v. Archie, *supra.*

The judgments of the trial court are affirmed.