STATE OF NEVADA ex rel. NEVADA TAX COMMIS-
SION, Appellant, v. SAVEWAY SUPER SERVICE
STATIONS, INC., Respondent.

No. 14352

August 31, 1983                                    668 P.2d 291

*Brian McKay,* Attorney General, *David M. Norris,* Deputy
Attorney General, Carson City, for Appellant.

*Morris & Wood,* Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Respondent Saveway Super Service Stations, Inc., (Saveway) filed its June 1977 motor vehicle fuel tax return and remittance on July 27, 1977, two days late, in violation of NRS 365.170. Because of the delinquency, the Nevada Tax Commission denied to Saveway the two percent dealer deduction allowed by NRS 365.330, and also assessed interest against Saveway pursuant to NRS 365.340. Saveway sought judicial review of the Commission's action, and the district court subsequently enjoined the Commission from disallowing the dealer deduction or assessing any penalty or interest against Saveway. We hold that the Commission properly denied the dealer deduction pursuant to Motor Vehicle Fuel Tax Ruling No. 1 (NAC 365.010), and that no relief may be granted from the assessment of interest. We therefore reverse the judgment of the district court and reinstate the decision of the Commission.

### THE FACTS

Respondent Saveway is a licensed dealer of motor vehicle fuels in the State of Nevada. Pursuant to NRS 365.170, every dealer of motor vehicle fuels in Nevada is required to file a return and remit a motor vehicle fuel tax on or before the 25th day of the calendar month following the month the tax liability is incurred.

For the month of June 1977, the Nevada Department of Taxation received Saveway's return and check in the amount of $377,132.71 after the July 25, 1977, deadline. The envelope was postmarked July 27, 1977. The Department notified Saveway on August 1, 1977, that it was being assessed $12,306.64 in penalties and interest for the late filing of its return. The amount included the loss of the two percent dealer deduction provided by NRS 365.330(2).

Upon request, the executive director of the Department by letter waived the $300 penalty and the interest of $3,925.26. Although he believed that Saveway had not been negligent in

the preparing and mailing of its return, the executive director did not waive the loss of the two percent dealer discount, believing that he lacked the authority to do so. A Department hearing officer upheld the executive director's decision on November 29, 1977, on the grounds that NRS 365.330 and Motor Vehicle Fuel Tax Ruling No. 1, adopted by the Tax Commission and effective July 24, 1970, precluded him from allowing the dealer discount where the return was not "duly and punctually rendered" on or before the 25th of each month.

Saveway appealed the hearing officer's decision to the Nevada Tax Commission. After a hearing, the Commission upheld the prior decisions "in each and every respect, save and except that portion which deals with the waiver of interest," which was reversed on the ground that the executive director lacked the statutory authority to waive interest. While the Commission found that "the late filing was due to inadvertence on the part of the taxpayer . . . ," the Commission concluded that "the staff properly disallowed the 2 percent collection allowance because the privilege of deducting the 2 percent . . . is predicated upon the taxpayer complying with all of the provisions of Chapter 365 which includes timely payment." Therefore, the Commission determined that $12,766.29 was the total amount owed by Saveway at that time, including the disallowed dealer discount ($7,696.55) and interest.

Saveway filed a complaint for judicial review of the Commission's decision. Following a hearing on the parties' cross-motions for summary judgment, the district court granted Saveway's motion, and enjoined the Commission from imposing penalties, interest, and forfeiture of the dealer discount on Saveway for its "alleged" noncompliance with the provisions of Chapter 365. This appeal followed.

## THE DEALER DISCOUNT

The Department of Taxation and the Tax Commission denied Saveway the two percent dealer discount on the authority of NRS 365.330(2) and Tax Commission Motor Vehicle Fuel Tax Ruling No. 1. NRS 365.330(2) provides as follows:

> From the tax found to be due upon any statement duly and punctually rendered, the dealer or user shall be allowed to deduct 2 percent thereof to cover the dealer's or user's costs of collection of the tax and of compliance with this chapter and the dealer's or user's handling losses occasioned by evaporation, spillage or other similar causes.

Motor Vehicle Fuel Tax Ruling No. 1 provides in relevant part as follows:

> 1. Except as provided in subsection 2, if the return, report or statement is not filed together with a remittance for the amount of the tax due, on or before the 25th day of each calendar month, the discount provided by NRS 365.330 will not be allowed.
> 2. A statement, report or return which is filed pursuant to an extension granted under NRS 365.170 shall be deemed to be punctually rendered for the purpose of the discount.

NAC 365.101. Appellant contends that a statement is not "duly and punctually rendered" if it is not submitted by the 25th of the month pursuant to NRS 365.170,[1] and that the Department is simply not authorized to allow the two percent deduction when the return is untimely.

Appellant is incorrect in asserting that the statute mandates disallowance of the deduction when the return is filed late. The statute does no more than require that the discount be allowed when the return is timely; it is silent as to whether the Department has discretion to allow the discount when the return is late.

However, Motor Vehicle Fuel Tax Ruling No. 1 (NAC

---

[1]NRS 365.170 (1975) provides in relevant part as follows:

1. In addition to any other taxes provided by law, every dealer shall, not later than the 25th day of each calendar month:

(a) Render to the department a statement of all motor vehicle fuel sold, distributed or used by him in the State of Nevada, as well as all motor vehicle fuel sold, distributed or used in this state by a purchaser thereof upon which sale, distribution or use the dealer has assumed liability for the tax thereon under NRS 365.020, during the preceding calendar month; and

(b) Pay an excise tax of 4.5 cents per gallon on all motor vehicle fuel so sold, distributed or used, in the manner and within the time prescribed in this chapter.

. . .

3. Any report, return, remittance to cover a payment or claim for credit or refund required by this chapter which is transmitted through the United States mail shall be deemed filed or received by the department on the date shown by the post office cancellation mark stamped upon the envelope containing it, or on the date it was mailed if proof satisfactory to the department establishes that such document or remittance was timely deposited in the United States mail properly addressed to the department.

The statute was amended in 1980 to increase the amount of the tax and distinguish between petroleum-ethanol mixtures and other motor fuel.

365.010) fills the gap in NRS 365.330, by specifying that if the return and remittance are not received on or before the 25th day of the month, and the due date is not extended under NRS 365.170, the statutory discount will not be allowed. A properly adopted substantive rule establishes a standard of conduct which has the force of law. State Board of Equalization v. Sierra Pacific Power, 97 Nev. 461, 464, 634 P.2d 461, 463 (1981). *See* Higginson v. Westergard, 604 P.2d 51, 54 (Idaho 1979). Rules adopted by an agency are binding on the agency until the agency repeals them or a court declares them invalid. *See* Burke v. Children's Services Div., 607 P.2d 141, 144 (Or. 1980). Saveway has not challenged the rule in question. Even if it had, we will not readily disturb an administrative construction that is within the language of the statute. Pub. Employees' Ret. Bd. v. Washoe County, 96 Nev. 718, 615 P.2d 972 (1980). Great deference will be afforded to an administrative body's interpretation when it is within the statutory language; moreover, the Legislature's acquiescence in an agency's reasonable interpretation indicates that the interpretation is consistent with legislative intent. Sierra Pacific Power v. Department of Taxation, 96 Nev. 295, 607 P.2d 1147 (1980); Oliver v. Spitz, 76 Nev. 5, 9-10, 348 P.2d 158, 160-61 (1960). *See* Homewood Investment Co. v. Moses, 96 Nev. 326, 330, 608 P.2d 503, 506 (1980). The Commission ruling in question has been in effect since 1970, and the Legislature has not seen fit to disturb it. Under the ruling, the Commission properly denied Saveway's request for allowance of the two percent dealer discount for the June 1977 return that Saveway filed past the July 25 deadline.

Saveway contends that disallowance of the deduction constitutes a penalty, and that the Department should have relieved Saveway from this penalty, pursuant to NRS 360.410(1),[2] for the same reasons that it waived the $300 penalty. In essence, Saveway argues that the waiver of the $300 penalty implies a finding pursuant to NRS 360.410 that it was not negligent, and that under such circumstances it is an abuse of discretion for the Department not to "waive" the loss of the dealer discount.[3]

---

[2]NRS 360.410(1) provides as follows:

If the department finds that a person's failure to make a timely return or payment of a tax imposed by this Title, except for chapters 364, 366 and 371, is due to circumstances beyond his control and occurred notwithstanding the exercise of ordinary care and in the absence of willful neglect, the department may relieve such person of all or part of any penalty imposed.

[3]In addition, Saveway contends that no penalty may be assessed where a check given in payment of the motor vehicle fuel tax is dated five days before the due date and, though received two days late, is duly deposited and honored, such that the state is not "materially deprived" of the tax

Saveway cites no authority for the proposition that failing to meet statutory criteria for an entitlement is the same as being assessed a penalty. Even if disallowance of the deduction could be characterized as a "penalty", Saveway fails to address the limitation on the Department's discretion created by NAC 365.010. Pursuant to the fuel tax ruling, the Commission properly denied the dealer deduction to Saveway on the basis of the late return.

### THE ASSESSMENT OF INTEREST

NRS 365.340(1), the statute under which the Department assessed the $300 penalty (later waived) and interest against Saveway, provides as follows:

> If the amount of any excise tax for any month is not paid to the state on or before the 25th day of the next month thereafter as prescribed by this chapter, it shall become delinquent at the close of business on that day, and a penalty of 1 percent of such excise tax shall be added thereto for delinquency together with interest at the rate of 1 percent per month or fraction thereof until paid; but in no case shall the penalty be less than $10 nor more than $300.

Saveway contends that the assessment of interest is in itself a penalty, and is subject to the $300 limit. Saveway also asserts that the "interest penalty" should have been waived, given the implied findings underlying the waiver of the $300 penalty.

The assessment of interest does not constitute a "penalty" within the meaning of NRS 365.340 and NRS 360.410. NRS 365.340 clearly distinguishes between the penalty and the interest to be assessed against delinquent returns. *See also* NRS 365.350 (prosecution of actions to collect delinquent tax, penalties and interest). The purpose of a penalty provision for the late payment of a tax is to encourage the timely payment of the tax and to punish those who do not pay on time. North Slope Borough v. Sohio Petroleum Corp., 585 P.2d 534, 546 (Alaska 1978). The assessment of interest, however, has no punitive element, and is nonpejorative; the taxpayer must pay interest on late payments for the same reason the state must

revenue. Saveway does not cite any relevant authority for this proposition, and seems to be ignoring the mandatory language of NRS 365.340(1) (see *infra*). *See* Camden Fire Ins. Ass'n v. Johnson, 109 P.2d 447 (Cal.App. 1941); Miller Oil Co. v. Abramson, 109 N.W.2d 610, 612 (Iowa 1961); Walkemeyer v. Stevens County Oil & Gas Co., 470 P.2d 730, 733-34 (Kan. 1970); Gooch v. Rogers, 238 P.2d 274, 287-88 (Or. 1951).

pay interest on over-payments. *Id.* Even where statutory penalties are waivable, interest may not be waived. *Id.; see* Morrison-Knudson Co. v. State Bd. of Equalization, 135 P.2d 927, 936-37 (Wyo. 1943). Therefore, the Commission properly assessed approximately $5,000 in interest[4] against Saveway pursuant to NRS 365.340(1) for the latter's late filing of its fuel tax return and remittance.

Because the lateness of its return disqualified Saveway from receiving the two percent dealer deduction, and because the statutorily mandated assessment of interest is not a penalty and may not be waived, the district court erred in enjoining the Commission from imposing interest and loss of the dealer discount on Saveway. We therefore reverse the judgment of the district court and reinstate the decision of the Nevada Tax Commission.

MANOUKIAN, C. J., SPRINGER, STEFFEN, and GUNDERSON, JJ., concur.

---

[4]This amount includes interest on the unpaid portion of the tax represented by the disallowed dealer deduction.