NEVADA TAX COMMISSION, Appellant, v. HARKER & HARKER, INC., a Nevada Corporation, Respondent.

No. 15731

May 8, 1985
699 P.2d 112

*Brian McKay,* Attorney General, and *Michael J. Dougherty,* Deputy Attorney General, Carson City, for Appellant.

*John J. McCune, Michael B. Springer* and *Timothy E. Rowe,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The Nevada Tax Commission appeals the district court's decision that Harker & Harker, Inc. (Harker) did not exercise any right or power over tangible personal property included in a government contract so as to render Harker liable for a use tax pursuant to Ruling No. 67 of the Nevada Tax Commission. We have reviewed the record and considered the arguments presented to this Court and conclude the lower court reached a proper determination. For the following reasons, we affirm the lower court's decision.

Harker is a licensed Nevada contractor engaged in general engineering contracting. Its business involves work with heavy industrial electrical systems, signal systems, highway lighting, power lines and the installation of water and gas mains. A significant portion of Harker's work is performed under contract with governmental entities.

Harker was audited by the State for the period of April 1, 1976, through March 31, 1979. The State assessed Harker for the taxes it claims should have been paid for the consumption of the machinery, equipment and fixtures used by Harker in contracts with governmental agencies.

On October 18, 1979, Harker was notified of the additional tax liability in the amount of $34,416.98. On November 14, 1979, Harker protested the entire deficiency and petitioned for a redetermination. The auditor's work was revised and the State adjusted its deficiency amount to $31,904.98. Harker was notified of the adjustment on December 19, 1979.

Harker thereafter appealed and on February 29, 1980, an oral hearing before a hearing officer of the Department of Taxation was held. Evidence at the hearing indicated that Harker had previously been audited by the State for the period of January 1, 1965 through December 31, 1967, and again for the period of January 1, 1972 through December 31, 1974. In both instances, the State made deficiency determinations. With respect to the first audit, the State found that the same type of machinery, equipment and fixtures involved in the instant case were sales to exempt entities and not subject to the sales or use tax. The subsequent deficiency determination did not include assessment for taxes on items of machinery, equipment and fixtures used in governmental entity contracts.

The hearing officer for the Department rendered a decision denying Harker's petition for redetermination and ordered payment of the deficiency. Harker appealed this decision to the Commission, but the decision was affirmed.

Harker subsequently filed its petition for judicial review. The matter was heard and the lower court reversed the decision of the Commission and found that Harker was not liable for use tax. We agree with the district court.

NRS 372.185 imposes a use tax on the "storage, use or other consumption in this State of tangible personal property. . . ." The Nevada Act defines "use" as follows: " 'Use' includes the exercise of any right or power over tangible personal property *incident to the ownership of that property,* except that it does not include the sale of that property in the regular course of business." NRS 372.100. [Emphasis added.]

 ■

Nevada's use tax has been interpreted to require complete ownership of the tangible personal property upon which the use tax is based. In United States v. Nevada Tax Commission, 291 F.Supp. 530, 535 (1968), the court held:

> In final analysis defendant is arguing for a divided ownership theory; that is, that the use tax is assessable against anyone who holds any of the incidents of ownership of the property (viewing ownership as a divisible bundle of rights) and uses, stores or otherwise consumes the property in this state.
>
> This conception has been comprehensively considered and rejected by the California Supreme Court in an opinion which reviews all the similar statutory language in the California Act. [Citing Union Oil Co. of California v. State Board of Equalization, 60 Cal.App.2d 441, 386 P.2d 496 (1963)].

In the present case, Harker did not own the items it installed. There was no unrestricted right to dispose of the property; nor was there any exclusive right to it or into use, or to exclude the right in it or to it by the contracting governmental entity. The purchase order form specifically stated that the materials paid for were the materials of the City of Reno. In essence, the governmental entity was in fact the user, storer or consumer of the materials and equipment while the contractor acted simply as a conduit through which the government procured its materials, equipment and fixtures. *See* Emery v. Director of Revenue, 402 P.2d 305 (Kan. 1965); *Nevada Tax Commission, supra,* 291 F.Supp. 530.

The Commission, however, cites to Ruling No. 67, which provides "[a] construction contractor is the consumer of all tangible personal property purchased for use in improving real property pursuant to a construction contract." The Commission

therefore concludes that since NRS 372.155 imposes a tax on the use, storage or other consumption of personalty, Harker necessarily must pay a use tax.

Nevertheless, to apply Ruling No. 67 to the present case would counter Nevada's legislative intent to exempt its governmental entities from taxation. *See* NRS 361.035; 361.050; 361.060; 372.325. A contractor in Harker's position, were it to be subject to such a use tax, would certainly include in its bid the amount of that tax. Thus the State, by taxing a governmental contractor acting as a conduit for the government, would be collecting the same funds with the right hand that it would be paying out to the contractor with the left hand. To extend Ruling No. 67 to this situation would require the State to engage in a costly and circuitous exercise which would be unproductive and contrary to announced public policy.

In addition, to permit the State to tax Harker at this time would be unconscionable. As a result of the State's previous audits, Harker did not include in its bids any sum for use taxes, which had it known would be due, could have been passed on to the State. Thus, Harker has no opportunity to recoup any such tax assessed against him.

We therefore conclude that Harker did not have sufficient incidents of ownership to warrant imposition of a use tax. Harker was acting as a mere conduit for the governmental entity and thus any tax imposed upon Harker is necessarily a tax imposed upon the governmental entity. Tax exempt entities are meant to remain as such and therefore Ruling No. 67 cannot be construed to apply in this situation.

We have considered appellant's additional contentions and consider them to be without merit. Accordingly, the lower court's decision is affirmed.