MAECON, INC., a Nevada Corporation, Appellant, *v.* THE STATE OF NEVADA DEPARTMENT OF TAXATION, Respondent.

No. 18427

September 21, 1988                    761 P.2d 411

*McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks* and *Timothy E. Rowe,* Reno, for Appellant.

*Brian McKay,* Attorney General, *Michael J. Dougherty,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

### Facts

Appellant Maecon, Inc. is a general engineering contractor licensed in the State of Nevada. Maecon has a particular expertise in the design, fabrication and installation of special industrial machinery. During 1978, Maecon entered into five contracts involved in the present tax assessment dispute. Three of these contracts were with the United States Government, Department of the Navy; another contract was with the Army Corps of Engineers, and the remaining contract was with the Clark County Sanitation District. Each of the three Navy contracts contained a "title" clause which provided that title to all property intended for incorporation in the project vested with the Navy upon delivery of the property to the project site.

Maecon did not pay sales or use tax on the materials purchased for use in performance of these five contracts. Subsequent to Maecon's completion of these contracts, the Nevada Department of Taxation audited Maecon for the period of July 1, 1978 through September 30, 1979 and rendered two deficiency determinations. Pursuant to Maecon's petition for redetermination, the Department of Taxation conducted a hearing which resulted in a finding that Maecon, under Nevada Tax Commission Ruling No.

67,[1] was subject to a use tax for all tangible personal property purchased for installation under Maecon's government contracts.

The Nevada Tax Commission affirmed the decision. Affirming the findings of the Tax Commission, the district court denied Maecon's petition for judicial review. As to the Navy contracts, the district court found that, despite the title clauses, Maecon had exercised sufficient incidents of ownership over the property transferred to the Navy to incur use tax liability on Maecon.

On appeal, Maecon contends that (1) the transactions taxed by the department were in fact sales to government entities exempted from taxation under NRS 372.325; (2) the Tax Commission lacked specific statutory authority to enact Ruling No. 67; and (3) Ruling No. 67 does not apply in the instant case because Maecon lacked sufficient incidents of ownership over the property transferred to the Navy.

## Discussion

We are unpersuaded by Maecon that the taxed transactions were "sales" to the federal government exempt from taxation under NRS 372.325.[2] Maecon concedes that it purchased the materials for use in performance of its contracts with the various

---

[1]Ruling 67 in pertinent part provides:

> 3. *Tax Liability of Construction Contractor While Performing Under Contract.*
>
> A construction contractor is the consumer of all tangible personal property purchased for use in improving real property pursuant to a construction contract for improvement to realty, and tax shall apply to the total sales price of such property to the contractor. If any such purchase is made ex-tax (because bought from a vendor not having a valid Nevada seller's permit, or because a resale certificate was properly given, or for any other reason) the use tax applies based upon the sales price of the property to the contractor. The presumption shall be that any tangible personal property purchased by a construction contractor for use in the performance of a construction contract for improvement to realty has been "purchased for use in improving real property."

[2]NRS 372.325 in pertinent part provides:

> There are exempted from the computation of the amount of sales tax on the gross receipts from the sale of any tangible personal property to:
> 1. The United States, its unincorporated agencies and instrumentalities.
> 2. Any incorporated agency or instrumentality of the United States wholly owned by the United States or by a corporation wholly owned by the United States.
> 3. The State of Nevada, its unincorporated agencies and instrumentalities.
> 4. Any county, city, district or other political subdivision of this state.

government entities. However, because the Navy contracts provided that title to all property intended for the projects vested with the Navy upon delivery of the property to the project site, Maecon argues that the transactions taxed were in fact direct sales to the government. We disagree.

In the instant case, Maecon purchased the materials with the intent that they be used in performance of its construction contracts and not as a "sale" to the government independent of those contracts. The transfer of title to the materials to the Navy, upon delivery of the materials to the project sites, did not convert these transactions into direct sales to the government. *See* Boeing Co. v. Ohmdahl, 169 N.W.2d 696 (N.D. 1969) (government contractor's purchases were not exempt from sales taxes as sales for resale, although contracts provided that title should vest in the United States immediately, where purchases were for furtherance of contract and personalty was incorporated into realty at work site).

In United States v. New Mexico, 455 U.S. 720 (1982), the Supreme Court held that imposition of state use tax upon property purchased by federal contractors did not infringe on federal immunity from state taxation—even though title to the property vested in the government upon shipment by the vendor and the contractors procured the materials and paid for them with government funds under an advance funding arrangement. The Court concluded that "tax immunity is appropriate in only one circumstance: when the levy falls on the United States itself, or on an agency or instrumentality so closely connected to the Government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned." *Id.* at 735. Whereas the sales in the present case were not to the government, and the tax on the sales did not fall on the government itself, the sales were not tax exempt under NRS 372.325.

Maecon also argues that, at the time the Tax Commission issued Ruling No. 67, the Commission lacked specific statutory authority to do so. Specifically, Maecon notes that NRS 372.340,[3] which clearly authorizes Ruling No. 67, was unconstitutional during the audit period in question because it applied the

---

[3]NRS 372.340 provides:

The taxes imposed under this chapter [sales and use taxes] apply to the sale of tangible personal property to and the storage, use or other consumption in this state of tangible personal property by a contractor for a governmental, religious or charitable entity which is otherwise exempted from tax unless the contractor is a constituent part of that entity.

sales and use tax in a discriminatory manner.[4] However, Maecon fails to recognize that statutory authority for Ruling No. 67 is also found in NRS 372.185 which in pertinent part provides: "An excise tax is hereby imposed on the storage, use or *other consumption* in this state of tangible personal property purchased from any retailer. . . ." (Emphasis added.) Ruling No. 67 classifies all construction contractors as consumers of all tangible personal property purchased for use in the performance of a construction contract for improvement to realty.[5]

Finally, Maecon contends that even if Ruling No. 67 is valid, it does not apply in the instant case because Maecon lacked sufficient incidents of ownership in the property. In support of its claim, Maecon relies on our decision in Nevada Tax Comm'n v. Harker, 101 Nev. 229, 699 P.2d 112 (1985). In *Harker,* we held that a contractor who acted as a conduit through which the City of Reno procured its materials, equipment and fixtures for a construction project did not have sufficient incidents of ownership of such property to warrant imposition of a use tax. 101 Nev. at 231-32, 699 P.2d at 114. However, unlike Maecon in the instant case, the contractor in *Harker,* never owned the items installed. Indeed, his purchase order expressly provided that the materials paid for were the property of the City of Reno. As we emphasized in *Harker:*

> There was no unrestricted right to dispose of the property; nor was there any exclusive right [in the contractor] to it or into use, or to exclude the right in it or to it by the contracting governmental entity. . . . In essence, the governmental entity was in fact the user, storer or consumer of the materials and equipment while the contractor acted simply as a conduit through which the government procured its materials, equipment and fixtures.

101 Nev. at 231, 699 P.2d at 114.

---

[4]Before NRS 372.340 was amended January 1, 1987, the statute imposed a tax on contractors dealing with the federal government where no such tax was imposed on contractors dealing with state and municipal entities. An attempt to tax contractors with the federal government while exempting contractors dealing with state and local governments is unconstitutional. *See* United States v. State of Wash., 654 F.2d 570 (1981).

[5]In State ex rel. Tax Comm'n v. Saveway, 99 Nev. 626, 630, 668 P.2d 291, 294 (1983), we remarked:

> Great deference will be afforded to an administrative body's interpretation when it is within the statutory language; moreover, the Legislature's acquiescence in an agency's reasonable interpretation indicates that the interpretation is consistent with legislative intent. [Citations omitted.]

We note that Ruling No. 67, as codified at NAC 372.190-.210, has been in effect since 1972 and the Legislature has not seen fit to disturb it.

In the case at bar, the title to the materials did not vest in the Navy until the materials were delivered to the project site. Until delivery at the site, Maecon held *all* incidents of ownership in the materials. The Navy, unlike the City of Reno in *Harker,* had no rights in the materials whatsoever until they were delivered to the project site. Indeed, after it purchased the materials, Maecon had the absolute right to divert the materials to another unrelated project or to use them otherwise as it pleased. Under those facts we conclude that the *Harker* ruling does not apply and that Maecon's incidents of ownership were sufficient to subject it to taxation under Ruling No. 67.[6]

Accordingly, we hereby affirm the judgment of the district court.

---

[6]An analogous result is found in Boeing Co. v. Ohmdahl, 169 N.W.2d 696 (N.D. 1969). In *Boeing,* the North Dakota Supreme Court reversed a lower court ruling that Boeing, which had a construction contract with the federal government, was exempt from use taxes on purchases it made for the performance of its contract. The contract provided that title to Boeing's purchases (for performance of the contract) would vest in the United States. Similar to our reasoning in *Harker,* the *Boeing* court noted that if the government had complete, uninhibited title and almost exclusive control of the action of the contractor, the State could not tax the purchases. *Id.* at 703. However, in reversing the lower court, the *Boeing* court expressly emphasized that Boeing, not the government, was liable for the purchase price, and because Boeing's credit guaranteed payment for the goods, Boeing had considerable discretion over the goods. *Id.* at 707.