BIVINS CONSTRUCTION, Appellant, v. STATE
CONTRACTORS' BOARD, Respondent.

No. 21280

April 30, 1991                             809 P.2d 1268

*Nitz, Walton & Hammer,* Las Vegas, for Appellant.

*Marquis, Haney & Aurbach* and *Philip J. Dabney,* Las Vegas, for Respondent.

# OPINION

By the Court, YOUNG, J.:

Appellant, a general contractor, hired Pipes Paving to provide grading and paving at the Red Rock Vista Phase II and Phase III sites in Clark County. Pipes Paving completed work on Phase II and seventy-five to eighty percent of the work on Phase III. A dispute between appellant and Pipes Paving resulted in Pipes Paving's discharge. Thereafter, appellant failed to pay Pipes Paving any money owed on the contract.

Pipes Paving brought a complaint before respondent State Contractors' Board (hereinafter "Board"). Appellant counterclaimed for costs incurred in completing the job after Pipes Paving's dismissal. A hearing was held on March 16, 1989. The Board ordered that appellant's license be suspended until Pipes Paving was paid the full amount it sought. A reprimand was placed in appellant's file with the Board for violation of NRS 624.3012(2).[1] The Board took no action on appellant's counterclaim.

At the hearing, appellant's cross-examination of William Pipes was limited because members of the Board believed it was exceeding the scope of direct examination. Appellant contends that this limitation was reversible error. We agree. NRS 233B.123(4)[2] expressly permits cross-examination on any matter,

---

[1] NRS 624.3012(2) provides for disciplinary action by the State Contractors' Board when a licensee willfully or deliberately fails to pay moneys due for material or services rendered in connection with his operations as a contractor.

[2] NRS 233B.123(4) provides:

Each party may call and examine witnesses, introduce exhibits, cross-examine opposing witnesses on any matter relevant to the issues

even where such matter was not covered in direct examination. The Nevada Administrative Procedures Act (NAPA) also provides for judicial reversal of agency decisions made upon unlawful procedure. NRS 233B.135(3)(c).

We find no merit in respondent's contention that appellant's failure to formally object to the curtailment of his cross-examination precludes reversal on judicial review. The minimum procedural requirements established by the NAPA may not be ignored. Gibson Co. v. Archie, 92 Nev. 234, 235, 548 P.2d 1366, 1367 (1976). The rudiments of fair play must be observed in administrative hearings. Checker, Inc. v. Public Serv. Comm'n, 84 Nev. 623, 634, 446 P.2d 981, 988 (1968). The right to cross-examine witnesses in an adjudicatory proceeding is one of fundamental importance. Its denial in this case amounted to a violation of due process.

When reviewing an administrative board's actions, our review, like that of the district court, is limited to the record below and to whether the board acted arbitrarily or capriciously. McCracken v. Fancy, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982). The record in this case reveals several instances of arbitrary and capricious action by the respondent. In addition to its premature curtailment of appellant's cross-examination of Mr. Pipes, the Board refused to allow Bivins to call witnesses or cross-examine other witnesses presented by Pipes Paving. It improperly cut off the examination of witnesses who were called. Documents which may have been relevant to appellant's defense were not admitted. The totality of these incidents reinforces our opinion that reversal is warranted.

The record in this case leaves us with the impression that respondent was more concerned with conforming to the time allotment it had established for conducting the hearing than with affording due process to the parties. The procedural rights of parties before an administrative body cannot be made to suffer for reasons of convenience or expediency. Checker, Inc. v. Public Serv. Comm'n, 84 Nev. at 634, 466 P.2d at 988.

We are also troubled by the Board's assumption of what was essentially a judicial role in the resolution of this dispute. Its suspension of appellant's contractor's license pending payment of

---

even though such matter was not covered in the direct examination, impeach any witness regardless of which party first called him to testify, and rebut the evidence against him.

Pipes Paving's claim was tantamount to the award of contract damages in a contested case. The Board does not have the authority to impose damages upon parties subject to its licensing authority. *See* NRS 624.300(1). The parties' claims and counterclaims regarding their contract raised legal issues properly resolvable only by a court of law, if not by the parties themselves. We trust the Board will be mindful of these implications in its future decision-making.

Accordingly, we believe the court below erred in dismissing appellant's petition for judicial review.

SPRINGER, ROSE and STEFFEN, JJ., concur.

MOWBRAY, C. J., dissenting:

Respectfully, I dissent.

General contractor Bivins stiffed subcontractor Pipes Paving by refusing to pay money owed under the contract. The State Contractors' Board (hereinafter "the Board") listened to all of the relevant evidence and unanimously concluded that Bivins Construction's refusal to pay *any* amounts owed under the contract was improper. The decision of the Board should be upheld.

The majority finds that certain procedural requirements were violated and that these violations warrant reversal. I find that there were no violations of any substance which resulted in prejudice to Bivins.

The cross-examination of William Pipes was rather lengthy, consisting of over eleven pages of trial transcripts. Near the end of that cross-examination, the Board inappropriately limited counsel to the scope of direct examination. While the limitation was wrong, no prejudice ensued. Counsel did not object to the limitation imposed by the Board, nor did counsel make an offer of proof as to information which would have been forthcoming absent the restriction. Moreover, counsel was offered an opportunity to ask additional questions. I submit that under such circumstances, this issue should be precluded from judicial review. *See* PET v. Department of Health Services, 542 A.2d 672, 683 (Conn. 1988) (in administrative hearing before medical examining board, objection and offer of proof is proper way to vindicate evidentiary ruling); *see also* Application of Portland General Elec. Co., 561 P.2d 154, 160 (Or. 1977) (the requirement that a party must have objected before the agency to errors he asserts on judicial review is one facet of the general doctrine that a party must exhaust his administrative remedies).

In addition to restricting the cross-examination of William Pipes, the Board restricted the testimony of Mr. Fred Knobel.

Mr. Knobel was a competitor of Pipes Paving who testified that Pipes Paving was not using its equipment to break up rock. However, Mr. Knobel also testified that he did not go onto the job site until the end of July, which would have been after Pipes Paving was ordered to remove its equipment from the site. The Board, properly finding Mr. Knobel's testimony to be irrelevant (and incredible), declined to hear further testimony.

Other than these two incidents, there is nothing in the record to substantiate the majority's contention that Bivins was denied due process. The majority's statement that Bivins was denied opportunity to call witnesses or present documents is without any basis in fact.

A separate question addressed by the majority is whether the Board has the authority to resolve contract disputes. I suggest that the Board should have limited authority to act in a "quasi-judicial" capacity.

While the Board does not have a blank check to resolve contract disputes, it is undisputed that the Board has some discretion to impose conditions upon relicensing. *See* NRS 624.300. I submit that the Board may legitimately impose a conditional suspension pending payment by a general contractor of monies owed to a subcontractor, provided that the action taken is primarily disciplinary in nature.

In the present case, since Bivins' employees signed the invoices in question, liability is clear. Where there is no genuine dispute as to liability, the Board should have the authority to conditionally suspend a contractor's license pending payment of the contract obligation. Such an action may properly be viewed as a disciplinary measure.