BING CONSTRUCTION COMPANY OF NEVADA, Appellant, *v.* NEVADA DEPARTMENT OF TAXATION, Respondent.

No. 23349

March 24, 1993                          849 P.2d 302

*Jerry Collier Lane,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, *Jeffrey R. Rodefer,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

The district court affirmed a sales tax deficiency assessed by the Department of Taxation against Bing Construction Company of Nevada. The district court concluded that neither the Nevada statutes nor the Department of Taxation's regulations provide for the calculation of sales tax based upon actual cash receipts in a credit transaction, rather than upon the entire sales price. On appeal, Bing Construction contends that the district court erred and that substantial evidence does not exist to support the hearing officer's determination. We disagree.

### *Facts*

The appellant, Bing Construction, is a construction contractor and registered retailer in Minden, Nevada. After an audit of Bing Construction's records, the Department of Taxation determined that a deficiency existed in Bing Construction's payment of taxes.[1] On August 31, 1989, the Department of Taxation notified Bing Construction of a tax deficiency in the amount of $12,006.74 for the audit period of July 1, 1986, through June 30, 1989. Bing Construction disputes the sales tax deficiency in the

---

[1]NRS 372.105 requires retailers to pay taxes on the sale of personal property. NRS 372.105 provides: "For the privilege of selling tangible personal property at retail a tax is hereby imposed upon all retailers at the rate of 2 percent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail in this state on or after July 1, 1955."

amount of $624.26. The use tax portion of the deficiency in the amount of $11,382.48 is not in dispute.

Subsequently, Bing Construction timely filed a petition with the Department of Taxation for a redetermination of the $624.26 sales tax deficiency. On February 20, 1990, the Department of Taxation's hearing officer conducted the redetermination hearing. The hearing officer in his decision ordered Bing Construction to pay the sales tax deficiency. The hearing officer concluded that in accordance with NRS 372.025,[2] sales tax is payable when a transaction occurs. Further, the hearing officer found that NAC 372.050[3] clarifies NRS 372.025, specifically providing that sales tax in a credit transaction is due on the entire sale price not the actual cash receipts. Subsequently, Bing Construction appealed the hearing officer's decision to the Nevada Tax Commission. The Nevada Tax Commission affirmed the hearing officer's decision.

On September 28, 1990, Bing Construction petitioned the First Judicial District Court for judicial review. On December 4, 1990, the Department of Taxation motioned to dismiss the action claiming Bing Construction failed to file its petition for judicial review

---

[2]NRS 372.025 provides, in pertinent part:

    1.  "Gross receipts" means the total amount of the sale or lease or rental price, as the case may be, of the retail sales of retailers, valued in money, whether received in money or otherwise . . . .

. . . .

    2.  The total amount of the sale or lease or rental price includes all of the following:

    (a) Any services that are part of the sale.

    (b) All receipts, cash, credits and property of any kind.

    (c) Any amount for which credit is allowed by the seller to the purchaser.

. . . .

[3]NAC 372.050 provides, in pertinent part:

    1.  If tangible personal property is sold on credit, either under a conditional sale or lease contract or otherwise, the whole amount of the contract is taxable unless the retailer keeps adequate and complete records to show separately the sales price of the tangible personal property, and the insurance, interest, finance, carrying and other charges made in the contract. If such records are kept by the retailer, the insurance, interest, finance and carrying charges may be excluded from the computation of the tax.

    2.  *The total amount of the tax on the entire sales price in credit transactions is due on the due date of the return to be filed after the close of the reporting period in which the sale was made.*

. . . .

    [Tax Comm'n Combined Sales and Use Tax Ruling No. 35 eff. 3-1-68]

(Emphasis added.)

within the statutory time period. The district court ordered the dismissal of Bing Construction's petition for judicial review, finding that Bing Construction failed to file timely its petition. The district court dismissed the action because a civil cover sheet, which the district court required pursuant to NRS 3.275, was not attached to the petition. Bing Construction appealed the district court's decision to this court. In Bing Constr. v. State, Dep't of Taxation, 107 Nev. 630, 817, P.2d 710 (1991), this court vacated and remanded the district court's order, concluding that a party's failure to submit a civil cover sheet with its original pleading was not jurisdictional in nature and did not provide the proper ground to deprive a party of their substantive rights.

Thereafter, the district court affirmed the hearing officer's decision, finding substantial evidence to support the decision. The district court concluded that neither the Nevada statutes nor the Department of Taxation's regulations provide for the calculation of sales tax based upon actual cash receipts in a credit transaction rather than upon the entire sales price. Bing Construction timely appealed.

## *Discussion*

When this court reviews administrative board decisions, it is limited to the record below to determine whether the board acted arbitrarily or capriciously. State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 729 P.2d 497 (1986) (citing McCracken v. Fancy, 98 Nev. 30, 639 P.2d 552 (1982)). This court is required to determine whether the administrative decision is based upon substantial evidence. Leeson v. Basic Refractories, 101 Nev. 384, 705 P.2d 137 (1985). Substantial evidence is that which "'a reasonable mind might accept as adequate to support a conclusion.'" *State Emp. Security,* 102 Nev. at 608, 729 P.2d at 498 (1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In accordance with NRS 372.105, "[f]or the privilege of selling tangible personal property at retail a tax is . . . imposed upon all retailers at the rate of 2 percent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail . . . ." Bing Construction contends that sales tax is assessed based upon the actual gross receipts of a credit sale transaction, not the entire sale price of an item at the time the transaction occurs. We disagree.

NRS 233B.040(1) allows an agency to adopt "reasonable regulations to aid it in carrying out the functions assigned to it by law and shall adopt such regulations as are necessary to the proper

execution of those functions." Pursuant to NAC 372.050 promulgated by the Tax Commission, a retailer pays sales tax on the entire amount of an item in a credit sale transaction. NAC 372.050(2) provides the following: "The total amount of the tax on the entire sales price in credit transactions is due on the due date of the return to be filed after the close of the reporting period in which the sale was made." We conclude that, based upon NAC 372.050, the district court did not err and that substantial evidence exists to support the hearing officer's decision that sales tax in a credit transaction is paid based upon the entire sale price, not actual cash receipts.

The Tax Commission adopted NAC 372.050 in 1968. NAC 372.050 has existed for approximately twenty-five years, and the legislature has not disturbed this regulation. In State ex rel. Tax Comm'n v. Saveway, 99 Nev. 626, 668 P.2d 291 (1983), pursuant to a motor vehicle fuel tax ruling, the Tax Commission properly denied a motor vehicle fuels dealer a deduction based upon its late motor vehicle fuel tax return. Saveway provides that a properly adopted substantive rule as the force of law. Id. at 630, 668 P.2d at 274. Additionally, until repealed by an agency or declared invalid by a court, an agency rule remains binding. Id. at 630, 668 P.2d at 274. Also, we will not disturb an administrative construction within the language of the statute. Id. at 630, 668 P.2d at 274. This court explained that "[g]reat deference will be afforded to an administrative body's interpretation when it is within the statutory language; moreover, the Legislature's acquiescence in an agency's reasonable interpretation indicates that the interpretation is consistent with legislative intent." Id. at 630, 668 P.2d at 274 (citations omitted). In Saveway, this court upheld the Tax Commission's ruling which remained in effect for thirteen years, stating that the legislature had not seen fit to disturb the ruling. Id. at 630, 668 P.2d at 274.

We conclude, based upon Saveway, that a regulation that has been in effect for approximately twenty-five years should not be disturbed, since the legislature has acquiesced in the agency's interpretation. We further conclude that substantial evidence exists to support the hearing officer's decision assessing sales tax on the entire sales price of an item in a credit transaction as opposed to upon the amount of actual cash receipts in a credit transaction. Therefore, we affirm the decision of the district court.[4]

---

[4]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this matter.