ROBERT L. HELMS AND PAULINE F. HELMS FAMILY TRUST, APPELLANTS, *v.* THE STATE OF NEVADA, DIVISION OF ENVIRONMENTAL PROTECTION; DOUGLAS COUNTY; JOHN SHAHIN; SIERRA VIEW DEVELOPMENT, INC., RESPONDENTS.

No. 23075

March 24, 1993                                849 P.2d 279

*Brooke & Shaw,* Minden, for Appellant.

*Frankie Sue Del Papa,* Attorney General, *Brian Chally,* Senior Deputy Attorney General, Carson City, for Respondent State of Nevada, Division of Environmental Protection.

*Scott W. Doyle,* District Attorney, Douglas County, for Respondent Douglas County.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell* and *Karen Peterson,* Carson City, for Respondent John Shahin and Sierra View Development, Inc.

## OPINION

*Per Curiam:*

Appellant, The Robert L. Helms and Pauline F. Helms Family Trust ("Helms"), challenges the issuance of a wastewater discharge permit by the Nevada Division of Environmental Protection (NDEP) to respondent Douglas County. Helms' challenge stems from the purportedly invalid action taken by the Douglas County Board of County Commissioners changing the site of a proposed regional wastewater treatment facility. Helms contends that NDEP abused its discretion in issuing the permit because NDEP did not independently determine whether Douglas County properly approved the site of the proposed regional facility. Without deciding the propriety of Douglas County's procedure, we hold that NDEP acted within its discretion in issuing the discharge permit. We therefore affirm.

### FACTS

Helms owns 8,000 acres of land in Douglas County situated adjacent to property owned by John Shahin and Sierra Development Corporation (collectively "Shahin"). Shahin's property is the site of a proposed residential development known as the Buckeye Creek Development. The Buckeye Creek property also includes the site of Douglas County's proposed regional wastewater treatment facility. The decision to construct the regional facility on the Buckeye Creek site occurred in or about October, 1988. This decision entailed a change in the location of the regional facility from a previous site on the north end of the Carson Valley adopted by the County as part of its sewer master plan. The Board of County Commissioners approved the relocation to the Buckeye Creek site without first referring the matter to the County Planning Commission. *See* NRS 278.220(4).[1]

---

[1]NRS 278.220(4) provides that:
   No change in or addition to the master plan or any part thereof, as

Subsequently, the County applied for a wastewater discharge permit from NDEP. On January 30, 1991, NDEP held a public hearing concerning the issuance of the permit. Engineers for both Douglas County and Shahin presented their plans for construction, maintenance and expansion of the facility. Helms was represented at the hearing by counsel and an engineer, both of whom voiced concerns over the potentially adverse effects a regional facility might have on the Helms' property. No mention was made of the County's failure to submit the amended plan to the Planning Commission. Based upon its review of the proposed location and the matters presented to it, NDEP determined that the location of the facility complied with state and federal law pertaining to water pollution and sewage disposal.

In determining that local government approval existed, NDEP relied on the County's representation, as the proposed permittee, that it had selected and approved the site for a regional treatment facility. NDEP's Bureau of Water Permits and Compliance made no independent investigation of the zoning or planning process. On May 22, 1991, NDEP issued the permit. Helms appealed NDEP's decision to the Nevada Environmental Commission ("NEC"), pursuant to NRS Chs. 233B and 445.

NEC held a hearing on July 1, 1991, to consider evidence pertaining to the facility's environmental impact. Helms used the occasion to present evidence concerning the manner in which the County adopted the proposed site. Helms argued, *inter alia,* that the County's adoption of the new site violated NRS Ch. 278 and was therefore invalid. Consequently, continued Helms, the permit was erroneously issued because NDEP did not obtain proper local government approval as required by NAC 445.181(2).[2] NEC concluded that NDEP acted in accordance with its primary duty to protect the waters of Nevada and that it had complied with the relevant provisions of NRS Ch. 445 (Water Pollution Control Law). Like NDEP, NEC also concluded that the evidence supported the existence of local government approval for the Buckeye Creek site, as required by NAC 445.181(2). NEC upheld the issuance of the permit.

---

adopted by the planning commission, shall be made by the governing body in adopting the same until the proposed change or addition shall have been referred to the planning commission for a report thereon and an attested copy of the report shall have been filed with the governing body. Failure of the planning commission to so report within 40 days, or such longer period as may be designated by the governing body, after such reference shall be deemed to be approval of the proposed change or plan.

[2]NAC 445.181(2) provides that "[n]o site may be approved by the department without having first been approved by local government."

On August 30, 1991, Helms petitioned for judicial review of NEC's decision. The gravamen of Helms' complaint was that NDEP did not have local government approval because Douglas County had not validly adopted the Buckeye Creek site for a regional treatment facility. In dismissing Helms' petition, the district court ruled, *inter alia,* that NDEP properly found local government approval for the issuance of the discharge permit. This appeal followed.

## DISCUSSION

### Standard of Review

Our review of an administrative decision is limited, like that of the district court, to the agency record and to determining whether the agency's decision was arbitrary or capricious, thereby constituting an abuse of discretion. Bivens Constr. v. State Contractors' Bd., 107 Nev. 281, 283, 809 P.2d 1268, 1270 (1991); *see generally* NRS 233B.135. The decisions of an administrative agency on questions of fact will be affirmed if there is substantial evidence to support them. State Indus. Ins. Sys. v. Swinney, 103 Nev. 17, 20, 731 P.2d 359, 361 (1987). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." State Employment Sec. Dep't v. Hilton Hotels Corp., 102 Nev. 606, 608, 729 P.2d 497, 498 (1986) (quoting Richardson v. Perales, 402 U.S. 389 (1971)).

### NDEP's Obligation Under NAC 445.181(2)

The issuance of a wastewater discharge permit is governed by NRS Ch. 445 and regulations promulgated consistent therewith. NDEP is charged with ensuring compliance with certain enumerated factors dealing with effluent limitations and standards of performance, pretreatment, and injection of fluids to the ground waters of the state. Further, the permit must specify quantitative limitations for the level of pollutants and contaminants in the authorized discharge. NRS 445.231. Additionally, before NDEP may approve a site, it must obtain local government approval therefor. NAC 445.181(2). NEC concluded that in issuing the discharge permit, NDEP complied with pertinent statutes and regulations and acted in accordance with its primary duty to protect the waters of the State of Nevada. Although this court may undertake independent review of the administrative construction of a statute, American Int'l Vacations v. MacBride, 99 Nev. 324, 326, 661 P.2d 1301, 1302 (1983), "great weight" should be given to an agency's interpretation of its own regula-

tions. State Dep't of Wildlife v. Bentz, 106 Nev. 294, 297, 792 P.2d 28, 30 (1990).

Helms contends that NAC 445.181(2) required NDEP to independently investigate and determine whether proper local governmental approval actually existed as a prerequisite to issuing the wastewater discharge permit. Its failure to do so, argues Helms, was an abuse of discretion. We disagree. Nothing in NRS 445.201 (Powers and Duties of Environmental Commission) or the Water Pollution Control Act gives NEC the power to review the actions and decisions of local governmental entities. Such actions and decisions are subject to judicial review. NRS 278.0235. NDEP was entitled to presume that the County's approval was valid. *See* Randano v. Nevada Real Estate Comm'n, 79 Nev. 132, 137, 379 P.2d 537, 539 (1963).

Moreover, the conclusion reached by NDEP and NEC that the County had approved the site of the regional facility was supported by substantial evidence. As noted previously, the County was the applicant; it had selected the site of the proposed regional facility. In addition, the County had issued a special use permit to Shahin for the operation of a private treatment facility for its residential development.

For the reasons discussed above, we conclude that NDEP did not abuse its discretion in issuing the discharge permit. We therefore affirm the district court's order dismissing Helms' petition for judicial review.