LORETTA MAE FIELD, APPELLANT, *v.* THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, RESPONDENT.

No. 24160

April 27, 1995                                    893 P.2d 380

---

[4]We have considered the rest of Love's contentions and find that they are without merit.

*John G. Watkins,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General and *Andres R. Rappard,* Deputy Attorney General, Carson City, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from an order of the district court affirming

the Department of Motor Vehicles' (DMV) revocation of appellant's driving privileges.[1]

Appellant was arrested for driving under the influence of alcohol (DUI) and elected to submit to an evidentiary test of her breath pursuant to NRS 484.383(1). A breath testing machine indicated that appellant's breath contained a blood alcohol concentration of over 0.10%. The arresting officer then issued appellant a notice of revocation of her driver's license. Subsequently, pursuant to appellant's request, a hearing was held before a DMV hearing officer to determine whether appellant's driver's license should be revoked. The DMV hearing officer concluded that the breath test results were admissible and that the results showed that appellant had 0.10% or more by weight of alcohol in her blood at the time of the test. Accordingly, the hearing officer affirmed the revocation of appellant's driver's license pursuant to NRS 484.384(3). Appellant petitioned the district court for judicial review, and the district court denied appellant's petition.

Appellant contends that the results of her breath test were inadmissible because the breath machine was not maintained and calibrated as required by law; specifically, appellant contends that the breath machine measured breath alcohol, not blood alcohol. Appellant further contends that the affidavits which were introduced at the DMV hearing to show that the breath machine was properly maintained and calibrated refer to the weight of alcohol in the breath, but the statutes and regulations in effect at the time of the incident required that the machine be calibrated to test for the weight of alcohol in the blood.

Although this court will not substitute its judgment for that of an agency as to the weight of the evidence on a question of fact, this court may set aside an agency decision if substantial rights of the petitioner have been prejudiced because the decision of the agency is in violation of constitutional or statutory provisions. NRS 233B.135(3)(a).

NRS 484.384(3) provides that a person's driver's license must be revoked if an evidentiary test shows that the person had "0.10

[1]This appeal was previously dismissed in an unpublished order of this court. On October 11, 1994, the state moved this court to publish our unpublished order as an opinion. Also on October 11, 1994, appellant petitioned this court for rehearing. Cause appearing, we grant rehearing, and we deny the motion to publish our unpublished order. Accordingly, we issue this opinion in place of our order dismissing this appeal filed September 28, 1994. On October 26, 1994, appellant filed a "motion to grant the appeal on grounds of 'Double Jeopardy.'" We deny the motion because it raises an issue for the first time on rehearing. NRAP 40(c)(1).

percent or more by weight of alcohol in his blood at the time of the test." NRS 484.0135, however, defines blood alcohol in both blood and breath terms:

> The phrase "0.10 percent or more by weight of alcohol in his blood" includes a concentration of alcohol in the blood or breath of a person of 0.10 gram or more by weight of alcohol:
> 1. Per 100 milliliters of his blood; or
> 2. Per 210 liters of his breath.

Thus, NRS 484.0135 represents a conclusion by the legislature that a certain amount of alcohol in the breath corresponds to a certain amount of alcohol in the blood.

The legislature has also established statutes to provide for breath testing to determine the corresponding blood alcohol content. Statutory authority in effect when appellant was tested required the Committee on Testing for Intoxication to adopt regulations which "[p]rescribe standards and procedures for calibrating devices used for testing a person's breath to determine the percent by *weight of alcohol in the person's blood.*" NRS 484.3884(1)(a) (emphasis added).[2] Pursuant to NRS 484.3884(1)(a), the committee promulgated a rule providing that "[t]he calibration must include verification by the analyst of the response and accuracy of the device at no less than three levels of alcohol within the range which corresponds to percentage of *weight of alcohol in the blood* from 0 to 0.4 percent, inclusive." NAC 484.660 (emphasis added). Thus, at the time of appellant's arrest, an analyst had to calibrate a breath testing device to measure the amount of alcohol in a breath sample and determine, pursuant to the ratio established by NRS 484.0135, the blood alcohol concentration that corresponds to the measured breath alcohol level.

At appellant's DMV hearing the state introduced an affidavit from the analyst who calibrated the machine on which appellant was tested. The affidavit states that the analyst "verified the response and accuracy of the device . . . by examing [sic] three aqueous alcohol solutions ranging from 0.00 to 0.40 percent by *weight of alcohol in the breath.*" (Emphasis added.) Therefore, the analyst's affidavit does not state that she calibrated the breath testing machine to determine the blood alcohol content that corresponds to a measured breath alcohol content.

---

[2]On July 9, 1993, NRS 484.3884, in addition to several other statutes, was amended to change the word "blood," underlined above, to "breath." 1993 Nev. Stat. ch. 505 at 2075.

At the time of appellant's arrest, the Committee on Testing for Intoxication was also required to adopt regulations establishing methods for ascertaining the competence of persons to "operate devices for testing a person's breath to determine the percent by *weight of alcohol in the person's blood.*"[3] NRS 484.3886(1)(a) (emphasis added). Accordingly, the committee promulgated a rule requiring that an operator of a breath-testing device must, immediately before testing a person's breath, verify the calibration of the device by testing it with an "aqueous solution which is certified to contain a specific concentration of alcohol within the range that corresponds to percentage by *weight of alcohol in the blood* from .05 to .20 percent, inclusive." NAC 484.670(2) (emphasis added). Again, however, the affidavit of the analyst introduced at the hearing states that the aqueous solution that she prepared "contained the equivalent of 0.12 percent by *weight of alcohol contained in a person's breath.*" (Emphasis added.)

We conclude that the analyst did not comply with then-existing NRS 484.3884(1)(a), NRS 484.3886(1)(a), NAC 484.660, and NAC 484.670(2). Instead of executing affidavits verifying that the breath machine was properly calibrated to determine the percentage of alcohol in a person's blood, the analyst stated that she calibrated the machine to measure the amount of alcohol in a person's breath, despite explicit law requiring her to calibrate the machine to determine the blood alcohol level that corresponds to a measured breath alcohol level. We further conclude that the breath test results should not have been admitted at appellant's DMV hearing. *See* NRS 484.389 (evidence of a required test is not admissible in an administrative proceeding unless it is shown that the breath-testing device was calibrated and maintained as required by the regulations of the Committee on Testing for Intoxication). Absent the breath test results, the state did not meet its burden of proving that appellant's driver's license should be revoked pursuant to NRS 484.384(3) for submitting to an evidentiary test that showed she had a blood alcohol content of 0.10% or more.

Accordingly, we reverse the order of the district court affirming the DMV order revoking appellant's driver's license, and remand with instructions that the district court issue an order vacating the DMV order revoking appellant's driver's license.[4]

---

[3]The last word in this statute has also been amended to read "breath." 1993 Nev. Stat. ch. 505 at 2072-80.

[4]In light of our decision in this matter, we do not reach appellant's other contentions of error.