**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

URSULA HOLCOMBE,
   *Plaintiff-Appellant,*

   v.

DAVID HOSMER; RICHARD
KIRKLAND,
   *Defendants-Appellees,*

   and

DALE LIEBHERR,
   *Defendant.*

No. 05-15151

D.C. No.
CV-03-00587-HDM

OPINION

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted January 11, 2007*
San Francisco, California

Filed February 23, 2007

Before: A. Wallace Tashima and Consuelo M. Callahan,
Circuit Judges, and George P. Schiavelli,** District Judge.

Opinion by Judge Callahan

---

 *This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

 **The Honorable George P. Schiavelli, United States District Judge for
the Central District of California, sitting by designation.

## COUNSEL

Jeffery A. Dickerson, Reno, Nevada, for appellant Ursula Holcombe.

Brian Sandoval, Attorney General, Carson City, Nevada; Michael Somps, Deputy Attorney General, Carson City, Nevada, for appellees David Hosmer and Richard Kirkland.

## OPINION

CALLAHAN, Circuit Judge:

Appellant Ursula Holcombe ("Holcombe") alleged under 42 U.S.C. § 1983 that Appellees David Hosmer and Richard

Kirkland (collectively "defendants") dismissed her from the Nevada Department of Public Safety ("Highway Patrol") in retaliation for associating with her husband in violation of her First Amendment rights. The district court granted the defendants' Rule 12(b)(6) motion, concluding that Holcombe's claims were precluded by the state court's affirmance of an administrative decision upholding her termination. Holcombe appeals, contending that her First Amendment claims were not adjudicated in the state court proceedings, therefore, they were not actually litigated and are not precluded. We affirm the dismissal of Holcombe's case.

## FACTS AND PROCEDURAL HISTORY

The Highway Patrol terminated Holcombe on July 31, 2002, after charging her with forging two subpoenas related to her husband's administrative appeal of his termination by the Nevada Department of Corrections. Holcombe appealed her termination, and received an administrative hearing where she was represented by counsel, testified, presented evidence, cross-examined witnesses, and successfully excluded some pieces of evidence. During that hearing, Holcombe specifically discussed her husband's termination, his appeal, and her efforts to help him appeal his termination. The hearing officer ("ALJ") issued his findings and decision finding just cause for Holcombe's termination. Holcombe appealed to the Second Judicial District Court for the State of Nevada ("state court"), and the state court affirmed the ALJ's decision.

On January 28, 2004, after the state court's decision became final, Holcombe filed an amended complaint in federal district court adding the two defendants in this case. The defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing issue and claim preclusion, as well as failure to state a claim upon which relief could be granted.[1]

---

[1] On March 29, 2004, Holcombe filed an opposition and dismissed a defendant who is not a party to this appeal.

The district court granted the motion to dismiss, concluding that the state court's final judgment precluded Holcombe's § 1983 claims. Applying Nevada law, the district court cited Nevada Revised Statute § 233B.135(3)(a), which authorizes a state district court to remand or affirm the final decision of a state administrative agency if that decision was in violation of constitutional provisions. The district court concluded that, because Holcombe could have raised her First Amendment claim when she appealed the ALJ's decision in state court, her § 1983 claims were precluded under the principles of claim preclusion.

## STANDARD OF REVIEW

The court reviews de novo a district court's dismissal of a plaintiff's complaint pursuant to a Rule 12(b)(6) motion. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 (9th Cir. 2002). All facts alleged in the complaint are presumed to be true for the purposes of analyzing a Rule 12(b)(6) decision. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). A district court's ruling on claim preclusion is also reviewed de novo. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988).

## DISCUSSION

I. Claim preclusion bars litigation of claims that were or could have been raised in a prior action, including claims under § 1983.

[1] "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 93 (1980). "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 327 (9th Cir. 1995).

**[2]** Claims under 42 U.S.C. § 1983 are subject to claim preclusion even if the litigants did not actually litigate the federal claim in state court. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 83-85 (1984) (holding that petitioner's § 1983 claim is subject to claim preclusion); *Allen*, 449 U.S. at 97-99 (discussing history of § 1983 and rejecting argument that Congress exempted § 1983 claims from preclusion by state court judgments). In *Migra*, the Supreme Court specifically rejected the argument that a § 1983 claim that could have been, but was not raised in a state-court proceeding can avoid the preclusive effect of res judicata. *Migra*, 465 U.S. at 84-85. Therefore, Holcombe's § 1983 claim is not exempt from preclusion under the doctrine of claim preclusion.

II.  Under Nevada law, Holcombe's § 1983 claims are precluded by the state court judgment.

    A.  Federal courts must apply Nevada law concerning claim preclusion to a prior Nevada state court judgment.

**[3]** "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered" under the Constitution's Full Faith and Credit Clause and under 28 U.S.C. § 1738. *Id*. at 81. Accordingly, the court applies Nevada law concerning claim preclusion to the Nevada judgment.

**[4]** Under Nevada law, there are three elements to claim preclusion as stated in *Bennett v. FDIC*:

> Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

652 P.2d 1178, 1180 (Nev. 1982).[2] For the purposes of claim preclusion, the first element includes claims that could have been litigated in the first action, even if they were not actually litigated. *See York v. York*, 664 P.2d 967, 968 (Nev. 1983) (holding that for purposes of claim preclusion, the first element meant whether the claim could have been litigated in the first action). In *Tarkanian*, the Nevada Supreme Court differentiated issue preclusion (or collateral estoppel) from claim preclusion, stating:

> Claim preclusion, or merger and bar, is triggered when a judgment is entered. A valid and final judgment on a claim precludes a second action on that claim or any part of it. The preclusive effect is generally as to a subsequent action on the same claim or part thereof, not as to subsequent proceedings in the same litigation. The claim of a prevailing plaintiff is merged into the judgment. If the defendant prevails, the plaintiff is thereafter barred from subsequent suits on the same claim. The modern view is that claim preclusion embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted, and thus has a broader reach than collateral estoppel.

*Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191-92 (Nev. 1994) (citations omitted). Therefore, under Nevada state law, claim preclusion acts to bar both claims that could have been asserted in the prior action and alternative grounds of recovery. *See Rosenthal v. Nevada*, 514 F. Supp. 907, 912 (D. Nev. 1981) (finding plaintiff's § 1983 claim for damages precluded by prior administrative adjudication judicially reviewed by the Nevada state courts).

---

[2]Holcombe does not dispute that the state court proceedings are final, or that she is in privity with the Highway Patrol and its employees.

B. Applying Nevada law, the state court proceedings preclude prosecution of Holcombe's § 1983 claims.

**[5]** For the purposes of defining a "claim" under Nevada law, "[t]he authorities agree that when the same evidence supports both the present and the former cause of action, the two causes of action are identical." *Round Hill Gen. Improvement Dist. v. B-Neva, Inc.*, 606 P.2d 176, 178 (Nev. 1980) (quoting *Silverman v. Silverman*, 283 P. 593, 598 (Nev. 1930) (Coleman, J., concurring)). Therefore, a "claim" under Nevada law encompasses all claims that arise out of a single set of facts. *See Firsching v. Ferrara*, 578 P.2d 321, 322 (Nev. 1978) ("the facts essential to the maintenance of both suits are identical; therefore, both suits involve but one cause of action and, accordingly, the final judgment on the merits in the formal suit bars subsequent litigation involving any matter which was or might, with propriety, have been litigated therein.").

**[6]** Applying Nevada law concerning claim preclusion to this case, the facts supporting Holcombe's § 1983 claim and her challenges to her termination are the same. The amended complaint alleges facts concerning the investigation into the altered subpoenas, and the Highway Patrol's decision to terminate Holcombe over the altered subpoenas. Specifically, Holcombe claimed that the defendants violated her First Amendment rights concerning her "freedom to associate with Roger Holcombe" and assist in Mr. Holcombe's efforts to exercise his rights regarding his termination. Holcombe testified about these facts at her administrative hearing. Therefore, Holcombe's claim that the defendants fired her in retaliation for exercising her First Amendment rights is the same as her claim that she was wrongfully terminated.

C. Holcombe could have raised her First Amendment retaliation claim under Nevada Revised Statute § 233B.135(3)(a).

**[7]** Although Holcombe argues that she was not able to assert First Amendment retaliation at her administration hear-

ing, that is not the test for a claim under Nevada law. Still, the district court concluded that Holcombe could have raised her First Amendment claims upon judicial review under Nevada Revised Statute § 233B.135(3)(a). Nevada Revised Statute § 233B.135(3)(a) states:

> The court shall not substitute its judgment for that of the agency as to the weight of the evidence on a question of fact. The court may remand or affirm the final decision or set it aside in whole or in part if substantial rights of the petitioner have been prejudiced because the final decision of the agency is: (a) in violation of constitutional or statutory provisions.

Although there is no Nevada authority regarding the assertion of constitutional retaliation claims on judicial review of administrative personnel hearings, the cases interpreting Nevada Revised Statute § 233B.135(3) and judicial review of other administrative proceedings suggest that Holcombe could have raised her First Amendment claim on judicial review.

In *Field v. Nevada*, the Nevada Supreme Court reversed an administrative decision because the agency violated statutory provisions concerning the calibration of alcohol breath tests to the percentage of alcohol in a person's blood. 893 P.2d 380, 381-383 (Nev. 1995). Based on the statutory violations, the Nevada Supreme Court concluded that the evidence of the appellant's breath tests that were calibrated to the amount of alcohol in a person's breath were inadmissible. *Id.* at 383. As a result, the state failed to carry its burden of showing that the appellant submitted a test showing that her blood alcohol content was higher than .10, and the Nevada Supreme Court directed the lower court to vacate the administrative ruling. *Id.* In *Field*, the Nevada Supreme Court reached the merits of the appellant's constitutional or statutory defenses to the administrative action. *Id.* Therefore, it appears that Holcombe could have raised her First Amendment rights as a defense to her termination, arguing that her termination was pretextual.

**[8]** Holcombe argues that the Nevada Supreme Court's decision in *Bivens Constr. v. State Contractors Bd.*, 809 P.2d 1268 (Nev. 1991), narrows the scope of judicial review to whether or not the hearing complied with due process. A closer reading of *Bivens* shows that it actually supports the idea that judicial review in Nevada encompasses constitutional and statutory rights. In *Bivens*, the appellant failed to object at the hearing to the Board cutting off cross-examination of a key witness. *Id.* at 1270. On appeal, the appellant raised a due process claim and an unlawful procedure claim under Nevada Revised Statute § 233B.135(3)(c). *Id*. The Nevada Supreme Court reversed the Board's decision on both grounds. *Id. Bivens* and *Field* establish that the Nevada state courts may reverse administrative decisions if they violate constitutional or statutory rights. Therefore, the district court correctly interpreted Nevada Revised Statute § 233B.135(3)(a) and properly decided that her claims are precluded because she could have raised her claims in the state court proceedings.

## CONCLUSION

Holcombe's allegations concerning her § 1983 claims are based on the same set of facts as her claims of wrongful termination litigated before the Nevada State Personnel Commission and affirmed by the Nevada state court. Therefore, under Nevada law, her § 1983 claims are precluded, and the district court properly dismissed Holcombe's claims. Accordingly, the district court's judgment of dismissal is **AFFIRMED**.