**Hunsdon Cary STEWART, Plaintiff—Appellant,**

v.

**Roya Batmanghelich STEWART, Defendant—Appellee.**

No. 06–55532.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

Keith A. Bregman, Esq., Law Offices of Keith A. Bregman, North Hollywood, CA, for Defendant–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Hunsdon Cary Stewart appeals pro se from the district court's judgment dismissing on res judicata grounds his civil rights action alleging that his ex-wife conspired with California state court personnel to prevent Stewart from seeing his son. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Mpoyo v. Litton Electro–Optical Sys.*, 430 F.3d 985, 987 (9th Cir.2005), and we affirm.

The district court properly dismissed Stewart's action on res judicata grounds, because Stewart raised, or could have raised, his claims in a prior federal action that involved the same "transactional nucleus of facts" and was adjudicated on the merits. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir.2007) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 770 (9th Cir.2003) ("Identity of claims exists when two suits arise from the same transactional nucleus of facts.").

The district court did not abuse its discretion by denying Stewart's request for recusal, because Stewart's conclusory allegations that the district court judge had a

personal interest in the action would not lead a reasonable person to question the judge's impartiality. *See Clemens v. United States Dist. Court for the Central Dist. of California*, 428 F.3d 1175, 1178 (9th Cir.2005) ("In analyzing ... disqualification motions," courts ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.") (quotation marks and citation omitted).

Stewart's remaining contentions are unavailing.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

