**Gerard CHANG, Plaintiff–Appellant,**

v.

**GREATER BAY BANCORP; et al., Defendants–Appellees.**

**No. 07–17029.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 25, 2008.

Gerard Chang, San Francisco, CA, for Plaintiff–Appellant.

Brooke D. Andrich, Esquire, Patricia Kruse Gillette, Esquire, Greg J. Richardson, Esquire, San Francisco, CA, for Defendants–Appellees.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Gerard Chang appeals pro se from the district court's judgment dismissing his action alleging various state and federal causes of action against his former employer and colleagues. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Mpoyo v. Litton Electro–Optical*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Systems,* 430 F.3d 985, 987 (9th Cir.2005), and affirm.

The district court properly dismissed the action on res judicata grounds because Chang raised, or could have raised, his claims in a prior federal action that involved the same defendants and "transactional nucleus of facts," and was decided on the merits. *Id.* at 987–89 (affirming dismissal of action based on the doctrine of res judicata); *Holcombe v. Hosmer,* 477 F.3d 1094, 1097 (9th Cir.2007) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Chang's remaining contentions are unpersuasive.

**AFFIRMED.**

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.