MEMORANDUM **
Peter T. Harrell appeals pro se from the district court’s judgment dismissing his action alleging various federal civil rights and state tort law violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s dismissal under Federal Rule of Civil Procedure Rule 12(b)(6). Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir.2007). We affirm.
The district court properly concluded that the federal claims were time-barred. See Cal. Civ. Proc. § 335.1 (providing a two-year statute of limitations for personal injury claims); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir.2004) (“For actions under 42 U.S.C. § 1983, courts apply the forum state’s statute of limitations for personal injury actions.”); Papa v. United States, 281 F.3d 1004, 1009 (9th Cir.2002) (“Although federal law determines when a Bivens claim accrues, the law of the forum state determines the statute of limitations for such a claim.”); Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (explaining that the statute of limitations begins to run when the plaintiff has a complete and present cause of action).
Contrary to Harrell’s contentions, state tolling provisions do not bring the action within the two-year limitations period. See Cal. Gov’t Code § 945.3 (tolling the statute of limitations during the period that charges are pending before a superior court); Fink v. Shedler, 192 F.3d 911, 916 (9th Cir.1999) (describing three conditions required to equitably toll a statute of limitations under California law); see also Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir.1993) (explaining that dismissal will be upheld where it is evident from the face of the complaint that the *655 plaintiff could not prevail on the equitable tolling issue as a matter of law).
The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the related state law claims once it had dismissed the federal claims. See 28 U.S.C. § 1367(c)(3); see also Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir.2001) (holding that district court may decline to exercise supplemental jurisdiction over related state law claims once it has dismissed all claims over which it had original jurisdiction).
Harrell’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.