MEMORANDUM **
Mritunjoy Sengupta, a former professor with the University of Alaska whose application for re-employment was rejected, appeals pro se from the district court’s summary judgment for the University on his claims under Title VII and 42 U.S.C. § 1983. He also appeals from the district court’s post-judgment award of attorneys’ fees and entry of a pre-filing review order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo. Moran v. Selig, 447 F.3d 748, 753 (9th Cir.2006). We review attorneys’ fee awards and pre-filing orders for an abuse of discretion. Galen v. County of L.A. 477 F.3d 652, 658 (9th Cir.2007); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1056 (9th Cir.2007) (per curiam). We affirm.
The district court properly determined that Sengupta’s challenge to his 1995 firing by the University, already re *753 solved by Alaska state courts, is precluded by the doctrine of res judicata. See Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir.2007) (“Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.”) (citation and internal quotation marks omitted); see also Sengupta v. Univ. of Alaska, 139 P.3d 572 (Alaska 2006).
The district court properly granted summary judgment on Sengupta’s claims of disparate treatment and retaliation because Sengupta failed to raise a triable issue as to whether the University’s explanation for rejecting his application was pretext for an unlawful motive. See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1105-08 (9th Cir.2008) (affirming summary judgment for employer on claims of disparate treatment and retaliation where plaintiff failed to raise a triable issue that employer’s explanation for its conduct was pretextual). Moreover, Sengupta failed to show that he was similarly situated to other University professors who were treated more favorably. See Moran, 447 F.3d at 755 (affirming summary judgment on Title VII claim because plaintiffs failed to establish that they were similarly situated, “in all material respects,” to other employees who were treated more favorably).
The district court did not abuse its discretion by denying Sengupta’s motion to amend his complaint because amendment would have been futile. See Townsend v. Univ. of Alaska, 543 F.3d 478, 485-86 (9th Cir.2008).
The district court did not abuse its discretion by awarding attorneys’ fees to the University pursuant to 42 U.S.C. § 1988, because Sengupta’s claims, which had already been resolved by state court judgments, are frivolous. See Galen, 477 F.3d at 666 (9th Cir.2007) (“An action [is] frivolous when the result appears obvious or the arguments are wholly without merit.”).
We do not review the district court’s pre-filing order because Sengupta does not develop any argument regarding that order. See Pierce v. Multnomah County, Or., 76 F.3d 1032, 1037 n. 3 (9th Cir.1996).
Sengupta’s remaining contentions lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.