**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KALVIN KALDOR, | No. 11-17245 |
| Plaintiff-Appellant, | D.C. No. 3:10-CV-529-LRH-RAM |
| v. | MEMORANDUM[*] |
| HOWARD SKOLNIK, an individual, DON HELLING, an individual, STATE OF NEVADA, ex. rel., ITS DEPARTMENT OF CORRECTIONS, a political subdivision of the State of Nevada, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, Senior District Judge, Presiding

Submitted May 17, 2013[**]
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and KORMAN,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Senior District Judge.***

Kalvin Kaldor, a former correctional officer, filed this civil rights action alleging that he was terminated in retaliation for public statements he made to a Nevada legislative committee regarding proposals to reduce the budget of the state prison at which he was employed. Prior to his termination, Kaldor was granted a pre-disciplinary hearing, which resulted in an adverse determination. He withdrew his appeal of that determination and filed this action.

The district court granted summary judgment for defendants on the ground that this action is barred by claim preclusion. Specifically, the district court held that because "the facts supporting Kaldor's federal action and the previous administrative hearing are the same," his failure to raise the wrongful termination claims at the administrative hearing "preclude him from having those claims adjudicated by [the district court]." *Kaldor v. Skolnik*, No. 3:10-cv-0529-LRH-RAM, 2011 WL 3841109, at *3 (D. Nev. Aug. 26, 2011) (citing *Holcombe v. Hosmer*, 477 F.3d 1094, 1099-1100 (9th Cir. 2007)).

Kaldor's sole argument on appeal is that, because he withdrew his appeal from the adverse determination of the pre-disciplinary hearing, the district court erred in holding that his complaint was barred by claim preclusion. Kaldor cannot avoid the

***    The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

preclusive effect of the pre-disciplinary hearing by forgoing an appeal that would have entitled him to a full administrative hearing. Indeed, under Nevada law, "unreviewed administrative determinations are binding and have preclusive effect." *Dias v. Elique*, 436 F.3d 1125, 1130 (9th Cir. 2006) (citation omitted). Moreover, Kaldor's failure to raise the allegations in his complaint at the pre-disciplinary hearing does not defeat claim preclusion. *See Olson v. Morris*, 188 F.3d 1083, 1086-87 (9th Cir. 1999) (stating that a party's failure to raise a defense he had the right to raise in an administrative hearing does not defeat application of res judicata).

**AFFIRMED.**