FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRANT W. RICHARDS; JULIE L. RICHARDS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> AURORA LOAN SERVICES; CAL-WESTERN RECONVEYANCE CORPORATION, <br><br> Defendants - Appellees. | No. 11-35838 <br><br> D.C. No. 2:10-cv-00970-SU <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Patricia Sullivan, Magistrate Judge, Presiding[**]

Submitted September 24, 2013[***]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Grant W. and Julie L. Richards ("plaintiffs") appeal pro se from the district court's judgment dismissing their action arising out of foreclosure proceedings as barred by the doctrine of res judicata. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). We affirm.

The district court properly dismissed plaintiffs' action as barred by the doctrine of res judicata because of the adverse judgment in plaintiffs' prior Oregon state court action involving the same defendants and factual transaction. *See id.* (federal courts must apply state law regarding res judicata to state court judgments); *Rennie v. Freeway Transp.*, 656 P.2d 919, 921 (Or. 1982) (en banc) (under Oregon law, an action is precluded if it involves the same defendant and factual transaction as a prior action, seeks remedies additional or alternative to those sought earlier, and raises claims that could have been joined in the first action).

Plaintiffs' request that we vacate the Oregon state court judgment is barred by the *Rooker-Feldman* doctrine. *See Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (*Rooker-Feldman* doctrine prohibits lower federal courts from reviewing state court decisions).

**AFFIRMED.**