**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JESUS B. CASTANEDA, | No. 15-16386 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00026-AWI-BAM |
| v. | |
| R. H. TRIMBLE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

California state prisoner Jesus B. Castaneda appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action arising out of the

allegedly retaliatory confiscation and destruction of his medical ambulatory device.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Holcombe v.*

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (dismissal under Fed. R. Civ. P. 12(b)(6) on the basis of claim preclusion); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Castaneda's retaliation and deliberate indifference to serious medical needs claims as barred by the doctrine of claim preclusion because they involve the same primary right as Castaneda's state habeas petition. *See Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231-34 (9th Cir. 2014) (explaining that under California law, if two actions involve the same primary right, judgment in the first action bars consideration of all matters which were raised or could have been raised in the first action, and reasoned denials of state habeas petitions have claim-preclusive effect notwithstanding a contention that state habeas challenge was procedural and § 1983 action was substantive).

The district court properly dismissed Castaneda's due process claim alleging improper processing of grievances because Castaneda has no claim of an entitlement to a particular grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

To the extent the July 12, 2016 filing is a motion for leave to proceed in forma pauperis, it is denied as unnecessary because Castaneda's in forma pauperis status continues on appeal.

**AFFIRMED.**