NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GAIL ROSIER,

  Plaintiff-Appellant,

v.

JEFFREY STROBEL,

  Defendant-Appellee.

No.    15-15091

D.C. No. 2:14-cv-01399-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted February 15, 2017[**]
San Francisco, California

Before:  CANBY, SILER,[***] and HURWITZ, Circuit Judges.

The contract and tort claims alleged by Gail Rosier in this diversity action

arise out of the attempts by her ex-husband, Jeffrey Strobel, to collect child support

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

and out of statements made by Strobel in New Hampshire and Arizona state court proceedings. The district court dismissed the complaint, finding the contract claims precluded by a New Hampshire state court judgment and the remaining claims premised on statements for which Strobel enjoys immunity. We affirm.

1. Rosier's contract claims arise from a child support agreement between her and Strobel. Upon Strobel's motion, a New Hampshire trial court enforced the agreement, ordering Rosier to make funds available for the education of the couple's son. The court later found Rosier in contempt of that order, and ordered her to pay child support arrearages. Applying New Hampshire law, *see Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007), the district court correctly found Rosier's contract claims in this case precluded because they "*could have* been litigated" in that proceeding. *In re Hampers*, 97 A.3d 1106, 1112–13 (N.H. 2014) (quoting *Gray v. Kelly*, 13 A.3d 848, 851 (N.H. 2010)); *see also Osman v. Gagnon*, 876 A.2d 193, 195 (N.H. 2005).

2. Rosier's tort claims arise from Strobel's statements to the New Hampshire court during the proceedings described above and his statements to an Arizona court regarding Rosier's sentencing for an unrelated crime. These statements are privileged from civil liability because they were "made in the course of judicial

2

proceedings" and "pertinent or relevant to the proceedings." *Provencher v. Buzzell-Plourde Assocs.*, 711 A.2d 251, 255 (N.H. 1998); *see also Green Acres Tr. v. London*, 688 P.2d 617, 620–22 (Ariz. 1984). And, because Strobel's statements were privileged, the district court did not err in denying Rosier leave to amend her complaint to add a claim for sanctions under Federal Rule of Civil Procedure 11 relating to those statements.[1]

**AFFIRMED.**

---

[1] In any event, Rule 11 sanctions are sought by motion, not as part of a complaint. *See* Fed. R. Civ. P. 11(c)(2).