**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBBY GENTHNER, | No. 16-16611 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00350-DAD-BAM |
| v. | |
| ROBERT HEDRICK; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 8, 2017**

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Debby Genthner appeals pro se from the district court's judgment dismissing

her action alleging federal and state law claims arising from alleged rapes by a

Fresno Police Department officer. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007)

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(dismissal on the basis of claim preclusion); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Genthner's action as barred by claim preclusion because both the instant action and Genthner's prior action arose from the same primary right. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (to determine the preclusive effect of a state court judgment, federal courts look to the law of the state in which the judgment was rendered); *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (setting forth elements of claim preclusion under California law and explaining that California's doctrine of claim preclusion is based on a primary rights theory); *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) ("If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (citation, internal quotation marks, and alteration omitted)).

**AFFIRMED.**