**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAUN ROBINSON, | No. 16-16318 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00169-MMD-VPC |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Shaun Robinson appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising from his dismissal from

nursing school.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii); *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (dismissal on the basis of claim preclusion). We affirm.

The district court properly dismissed Robinson's fraud claim because Robinson failed to allege facts sufficient to show that defendants intended to induce Robinson to act or refrain from acting in reliance on defendants' alleged misrepresentations. *See Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) (per curiam) (setting forth elements of a fraud claim under Nevada law).

The district court properly dismissed Robinson's breach of contract, breach of covenant of good faith and fair dealing, due process, and Title IX claims as barred by the doctrine of claim preclusion because Robinson's claims were raised, or could have been raised, in a prior action between the parties or their privies that resulted in a final judgment on the merits. *See Holcombe*, 477 F.3d at 1097-98 (setting forth requirements for claim preclusion under Nevada law). Contrary to Robinson's contention, the district court's consideration of the state court decision did not convert defendants' Fed. R. Civ. P. 12(b)(6) motion into one for summary judgment. *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) ("In deciding

16-16318

whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record.").

We reject as unsupported by the record Robinson's contentions concerning extrinsic fraud on the state court and the applicability of the *England* reservation doctrine.

**AFFIRMED.**

16-16318