**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH LEIB SHALANT, | No. 17-55050 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01069-VBF-PLA |
| v. | |
| STATE BAR OF CALIFORNIA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Joseph Leib Shalant, a disbarred attorney, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that a California

State Bar Rule violates the Fourteenth Amendment.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal on the basis of res judicata.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). We affirm.

The district court properly dismissed Shalant's action as barred by the doctrine of res judicata because Shalant's equal protection claim was raised in a prior California State Bar Court proceeding that resulted in a final judgment on the merits. *See* Cal. Bus. & Prof. Code § 6084(a) ("When no petition to review or to reverse or modify has been filed by either party within the time allowed therefor. . . the decision or order of the State Bar Court shall be final and enforceable."); *Wehrli v. County of Orange*, 175 F.3d 692, 694 (9th Cir. 1999) (according preclusive effect to administrative proceedings "where judicial review of the administrative adjudication was available but unused"); *see also Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (federal courts must apply state law regarding res judicata to state court judgments); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 382 n.1, & 386-87 (Cal. 2015) (setting forth requirements for res judicata, or claim preclusion, defining primary rights doctrine, and discussing privity).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

2

Shalant's requests for costs, set forth in the opening brief, is denied.

**AFFIRMED.**