NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PENSCO TRUST COMPANY, FBO Jeffrey D. Hermann, IRA Account Number 20005343,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>LORINA DELFIERRO,<br><br>        Defendant-Appellant. | No. 17-35644<br><br>D.C. No. 2:16-cv-01926-RSM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Lorina Delfierro appeals pro se from the district court's summary judgment

in this diversity action stemming from judicial foreclosure proceedings.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo cross-motions for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for PENSCO Trust Company, FBO Jeffrey D. Hermann, IRA Account Number 20005343 ("PENSCO") because Delfierro failed to raise a genuine dispute of material fact as to whether PENSCO was not entitled to seek judicial foreclosure. *See* Wash. Rev. Code 61.12.040 (requirements for judicial foreclosure); *Deustche Bank Nat. Trust Co. v. Slotke*, 367 P.3d 600, 604 (Wash. App. 2016) ("[I]t is the holder of the note who is entitled to enforce it.").

The district court properly dismissed Delfierro's counterclaims as barred by the doctrine of res judicata because Delfierro's counterclaims were raised, or could have been raised, in Delfierro's prior action between the same parties that resulted in a final judgment on the merits. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (setting forth standard of review and stating that federal courts must apply state law regarding res judicata to state court judgments); *Kelly-Hansen v. Kelly-Hansen*, 941 P.2d 1108, 1112 (Wash. App. 1997) (doctrine of res judicata bars litigation of claims that could have been raised in the prior action).

The district court did not abuse its discretion by striking Delfierro's untimely

response to PENSCO's motion to dismiss her counterclaims. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review and explaining that "[b]road deference is given to a district court's interpretation of its local rules").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as meritless Delfierro's contention that the re-recorded instruments create a new cause of action.

**AFFIRMED.**