**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA A. STUART ROBINSON, | No. 20-35669 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05695-RJB |
| v. | |
| GREATER LAKES RECOVERY CENTER, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted May 18, 2021**

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Barbara A. Stuart Robinson appeals pro se from the district court's summary

judgment in her 42 U.S.C. § 1983 action alleging federal and state law claims

related to her involuntary detention and treatment at defendant Greater Lakes

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Recovery Center ("Greater Lakes").  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d

758, 761 (9th Cir. 2003).  We affirm.

The district court properly granted summary judgment for Greater Lakes on

the basis of res judicata because Robinson raised, or could have raised, her claims

in her prior Washington state court action, which involved the same parties and

resulted in a final judgment on the merits.  *See Holcombe v. Hosmer*, 477 F.3d

1094, 1097 (9th Cir. 2007) (federal court must apply state law regarding res

judicata to a prior state court judgment); *Ofuasia v. Smurr*, 392 P.3d 1148, 1154

(Wash. App. 2017) (setting forth elements of res judicata under Washington law);

*Karlberg v. Otten*, 280 P.3d 1123, 1130 (Wash. App. 2012) ("[R]es judicata

prohibits the relitigation of claims and issues that were litigated, or could have

been litigated, in a prior action[.]").

**AFFIRMED.**