**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, | No.    21-16415 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01677-RFB-BNW |
| v. | |
| ZURICH INSURANCE COMPANY; EMPIRE FIRE AND MARINE INSURANCE COMPANY; CORY EICHELBERGER; BRADLEY M. MARX; LEWIS, BRISBOIS, BISGAARD AND SMITH, LLP.; MANNION, GRAY, UHL & HILL CO, LPA; ROADRUNNER AUTO GROUP INC., RENTALS INC.; CISNEROS & MARIAS ESQ.; CAROL MILLAUD; CYMBALISTA BOAZ; JANET C. PANCOAST, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted August 4, 2023[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN, and JOHNSTONE, Circuit Judges.

Wendell Dwayne O'Neal appeals pro se from the district court's judgment dismissing his action alleging violations of 42 U.S.C. § 1983 and state law, and related orders. O'Neal alleges that defendants—primarily insurance companies, law firms, and their employees—violated his rights in connection with an automobile accident in which he was not involved. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's standing determination, *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023), its ruling on claim preclusion, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007), and its dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), *Chavez v. Robinson*, 12 F.4th 978, 985 (9th Cir. 2021). We review for abuse of discretion its entry of a pre-filing order, *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014), and its denial of a motion for post-judgment relief, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). We affirm.

The district court properly dismissed the action because O'Neal lacks standing to bring his claims, having failed "to show that he personally has suffered some actual or threatened injury." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (citation and internal quotation marks omitted). O'Neal's asserted claims rest on the legal rights and interests of third parties—the individuals actually involved in the accident. *Id.* at

474 ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (citation and internal quotation marks omitted).

The district court also correctly dismissed the action on the alternative ground that claim preclusion under Nevada law applied. *See Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (stating the three-part test for determining whether claim preclusion applies under Nevada law: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case" (footnote omitted)).

Moreover, to the extent O'Neal asserted claims for violations of his own rights, the district court correctly dismissed them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Even construed liberally, O'Neal's pleadings failed to the allege the elements of a § 1983 claim or for unjust enrichment under Nevada Law. *See Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987) ("A § 1983 claim requires two essential elements: (1) the conduct that harms the plaintiff must be committed under color of state law (*i.e.*, state action), and (2) the conduct must deprive the plaintiff of a constitutional right."); *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 257 (Nev. 2012) (setting forth

the elements of unjust enrichment under Nevada law, including a benefit conferred by plaintiff to defendant).

The district court did not abuse its discretion by denying O'Neal's post-judgment motion seeking relief from the dismissal because O'Neal stated no basis for relief under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). *See Backlund*, 778 F.2d at 1388.

The district court did not abuse its discretion by imposing a vexatious litigant pre-filing order against O'Neal. *See Ringgold-Lockhart*, 761 F.3d at 1062 (before imposing pre-filing restrictions, district courts must: (1) give litigants notice and an opportunity to oppose the order; (2) compile an adequate record for appellate review; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly to closely fit the specific vice encountered).

O'Neal's requests for extensions of time to file a motion for sanctions (Docket Entry Nos. 44 and 49) are DENIED. O'Neal's motion for sanctions against appellee Zurich Insurance Company (Docket Entry No. 54) is DENIED.

O'Neal's request for an exception to the requirement that he file six copies of his reply brief (Docket Entry No. 51) is GRANTED.

**AFFIRMED.**

4