**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM ROBERT FAYANT; JULIE L. FAYANT, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> U.S. BANCORP, doing business as US Bank National Association; GUILD MORTGAGE COMPANY, LLC, doing business as Cherry Creek Mortgage; FEDERAL HOME LOAN MORTGAGE CORPORATION; JOHN AND JANE DOE, <br><br> Defendants - Appellees. | No. 24-4079 <br><br> D.C. No. 2:24-cv-00095-SAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted February 18, 2026[**]

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

William Robert Fayant and Julie L. Fayant appeal pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing their diversity action alleging claims under Washington law arising out of a loan secured by their property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and based on res judicata. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). We affirm.

The district court properly dismissed the Fayants' claim under the Washington Deeds of Trust Act because, based on the record, no foreclosure had taken place. *See* Wash. Rev. Code § 61.24.127; *Frias v. Asset Foreclosure Servs., Inc.*, 334 P.3d 529, 534 (Wash. 2014) (holding that the Deeds of Trust Act does not create a cause of action for violations of its terms in the absence of a completed foreclosure sale).

The district court properly dismissed the Fayants' remaining claims as barred by res judicata because the Fayants previously brought an action against U.S. Bank regarding the same causes of action and subject matter, resulting in a final judgment on the merits. *See Holcombe*, 477 F.3d at 1097 (explaining that federal courts must apply state law regarding res judicata to a prior state court judgment); *Karlberg v. Otten*, 280 P.3d 1123, 1130 (Wash. Ct. App. 2012) (setting forth elements of res judicata under Washington law and explaining that res judicata prohibits the relitigation of claims and issues that were litigated, or could have been litigated, in a prior action"); *see also Feature Realty, Inc. v. Kirkpatrick*

24-4079

*& Lockhart Preston Gates Ellis, LLP*, 164 P.3d 500, 505 (Wash. 2007) (explaining that different defendants constitute the same party for res judicata purposes if they are in privity).

**AFFIRMED.**