NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 18 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN RAY COLLINS; SHARON
LAVETTE COLLINS,

Plaintiffs - Appellants,

v.

WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A.,

Defendants - Appellees.

No. 24-5784

D.C. No.
2:23-cv-02676-DAD-CSK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 16, 2026[**]

Before:      SILVERMAN, NGUYEN, and HURWITZ Circuit Judges.

Steven Ray Collins and Sharon Lavette Collins appeal pro se from the

district court's judgment dismissing their action alleging claims under the Fair

Housing Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6) based on res judicata. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). We affirm.

The district court properly dismissed the Collinses' action as barred by res judicata. *See id.* (federal courts apply state law to determine the preclusive effect of a prior state court judgment); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 & 382 n.1 (Cal. 2015) (explaining that under California law, res judicata bars a subsequent action that "involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit," and that "conduct that violates a single primary right gives rise to only one cause of action").

The district court did not abuse its discretion by granting the motion to dismiss without holding oral argument. *See* Fed. R. Civ. P. 78(b) ("court[s] may provide for submitting and determining motions on briefs, without oral hearings"); *Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015) (holding that the district court did not violate plaintiffs' procedural due process rights by ruling on a motion to dismiss without an oral hearing where they had an opportunity to present arguments in writing); *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991) (setting forth the standard of review).

To the extent that the Collinses contend that the district court improperly considered matters beyond the pleadings in granting the motion to dismiss, the

record does not support this contention.  *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (stating that "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment" (citation and internal quotation marks omitted)).

**AFFIRMED.**